

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-5-2009

# Johnson v. New York

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4239

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Johnson v. New York" (2009). *2009 Decisions.* Paper 518.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/518

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4239
_____

PHILIP JOHNSON,

Appellant

v.

THE CITY OF NEW YORK; THE CITY OF
NEW YORK ADMINISTRATION FOR CHILDREN'S
SERVICES; ADMINISTRATION FOR CHILDREN'S
SERVICES CASEWORKERS; JANE DOES A.K.A.
KAGAN, POLLACK AND PIERRE-LOUIS; THE
CITY OF NEW YORK POLICE DEPARTMENT

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-01853)
District Judge:  Honorable Faith S. Hochberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2009

Before: BARRY, SMITH and GARTH, Circuit Judges

(Opinion filed October 5, 2009)
_____

OPINION
_____

PER CURIAM

Philip Johnson sued the City of New York, agencies of the City of New York, including the New York Administration for Children's Services ("ACS"), and ACS case workers. He brought claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, alleging that the defendants violated his rights when ACS conducted emergency removals of his children from his home in June 2002 and March 2004 based on allegations of abuse and neglect.

Some of the defendants filed a motion to dismiss the complaint, arguing, inter alia, that the complaint was barred by the doctrines of res judicata and Rooker-Feldman.[1] After reviewing Johnson's complaint against the previous actions he filed in federal court in New York (Johnson v. Queens Admin. for Children's Servs., No. 02-cv-04497, 2006 WL 229905 (E.D.N.Y. Jan. 31, 2006) ("Johnson I") and Johnson v. New York, No. 04-cv-01070, 2007 WL 764514 (E.D.N.Y. Mar. 9, 2007) ("Johnson II"), the District Court dismissed the complaint against all the defendants on res judicata grounds. See Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992) (holding that a res judicata defense may be raised in a motion to dismiss when the defense is apparent on review of court records of which a court can take notice). The District Court also concluded that the Rooker-Feldman doctrine barred review to the extent that Johnson challenged issues already

_____

[1]The doctrine derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

adjudicated in state court. Johnson appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision. See Venuto v. Witco Corp., 117 F.3d 754, 758 & n.5 (3d Cir. 1997) ("Our review of the district court's application of res judicata rules . . . is plenary."); Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) ("Our review of the district court's application of the Rooker-Feldman doctrine is plenary.")

On review, we conclude that the District Court properly dismissed Johnson's complaint. To determine the preclusive effects of a prior judgment, we look to the law of the issuing court. See Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 145 (3d Cir. 1999). The issuing courts were federal courts (sitting within the Second Circuit), where, to prevail on the defense of res judicata, a litigant must show "that 1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with them; [and] 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000); see also United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984). In this case, the defendants satisfied their burden.

Johnson raised claims relating to the emergency removal of the children in June 2002 in Johnson I. The claims were adjudicated on the merits, with the district court granting summary judgment in favor of the defendants. In Johnson II, Johnson litigated

3

claims relating to the emergency removal of his children in March 2004. The district court, granting summary judgment in that case, adjudicated those claims on the merits. As the District Court concluded in this case, the claims Johnson raises in his complaint in this action were or could have been raised in his earlier lawsuits. Accordingly, they are barred by the doctrine of res judicata.

Furthermore, as the District Court determined, to the extent that Johnson actually seeks review of decisions rendered by the Queens County Family Court, the Rooker-Feldman doctrine bars review. See Turner, 449 F.3d at 547 (discussing the contours of the Rooker-Feldman doctrine).

For these reasons, we will affirm the District Court's decision.